IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILTON F. MATHIAS,<br><br>                Plaintiff,<br><br>   vs.<br><br>HOMESTREET BANK, INC. dba HOMESTREET BANK, SEATTLE, WASHINGTON; HOMESTREET BANK, KAPOLEI BRANCH; FELICITY KUI MEYERS, LOAN OFFICER, HOMESTREET BANK, KAPOLEI BRANCH; AND PENNYMAC LOAN SERVICES, LLC,<br><br>                Defendants. | CIV. NO. 21-00154 JMS-RT<br><br>ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, ECF NOS. 13 & 15 |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, ECF NOS. 13 & 15

### I. INTRODUCTION

In this action, pro se Plaintiff Milton F. Mathias seeks rescission of his mortgage loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., as well as statutory damages for alleged violations of TILA and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq. ECF No. 1 at PageID ## 1-2. Plaintiff names as defendants his mortgage lender, HomeStreet Bank; its subsidiary, Homestreet Bank of Kapolei, Hawaii; and a HomeStreet Bank

of Kapolei employee, Felicity Kui Meyer (collectively, the "HomeStreet Defendants"). *Id.* at PageID # 2. He also names as a defendant PennyMac Loan Services ("PennyMac"), the current servicer of his mortgage loan. *Id.* at PageID # 1.

Before the court are two Motions to Dismiss, one filed by the HomeStreet Defendants, ECF No. 13, and another filed by PennyMac, ECF No. 15. Both Motions argue, among other things, that Plaintiff's claims are time-barred. The court agrees. TILA imposes an absolute three-year time limit on a borrower's ability to exercise their rescission right, while both TILA and RESPA impose a one-year statute of limitations on claims for statutory damages. Each of Plaintiff's claims fall outside of the applicable limitation periods. Accordingly, both Motions to Dismiss are GRANTED. The Complaint is DISMISSED, but Plaintiff is granted leave to amend as to each of his claims.

## II. **BACKGROUND**[1]

In 2009, Plaintiff took out a $276,250.00 mortgage with HomeStreet Kapolei to purchase a Hawaiian Homesteads Lot. ECF No. 1 at PageID # 5. In November 2017, Plaintiff met with Meyer at HomeStreet Bank of Kapolei intending to pay off the remaining $229,481.00 due on his mortgage, and

---

[1] For purposes of this Order, the court takes all facts alleged in the Complaint as true and construes them in the light most favorable to Plaintiff. *See Does v. Wasden*, 982 F.3d 784, 790 (9th Cir. 2020).

2

"purchase [the property] permanently." *Id.* Meyer convinced Plaintiff to refinance his loan rather than proceed with his plan. *Id.* at PageID # 6.

On March 1, 2018, Plaintiff signed a 30-year mortgage and note for $361,857.00 with HomeStreet Bank. *See* ECF Nos. 13-3; 15-3.[2] On April 18, 2018, HomeStreet Bank provided Plaintiff with a "revised Closing Disclosure" that updated certain terms of the loan. ECF No. 17-2.[3] And on May 3, 2019,

---

[2] Plaintiff did not indicate the date on which these documents were signed in his Complaint. Instead, Defendants attach the mortgage note and mortgage as exhibits to their Motions to Dismiss, and ask the court to take judicial notice of these documents. *See* ECF No. 13-1 at PageID # 38 n.1; ECF No. 15-1 at PageID # 59 n.1. While generally, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion," *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001), a court may "take judicial notice of matters of public record, but not of facts that may be subject to reasonable dispute," *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (internal citation and quotation omitted); *see also Smith v. Bank of Hawaii*, 2017 WL 3597522, at *5 (D. Haw. Apr. 13, 2017). Here, because these two documents are matters of public record and appear uncontested by Plaintiff, *see* ECF 17 at PageID ## 91-92, the court takes judicial notice of the mortgage and mortgage note. *See Smith*, 2017 WL 3597522, at *5.

[3] Specifically, the revised closing disclosure updated the following terms:

1. Date Issued updated to 4/18/2018
2. Closing Date updated to 3/2/2018
3. Payoffs and Payments: Reserve Account Balance decreased to $228,349.12 from $229,845.31
4. Payoffs and Payments: Reserve Account Balance decreased to -$1,182.76 from -$1,034.68
5. Cash to close to borrower increased to $42,581.70 from $40,937.43

ECF No. 17-2 at PageID # 96.

Plaintiff does not reference this document in his Complaint, but attaches it to his Reply to the HomeStreet Defendants' Motion to Dismiss. The HomeStreet Defendants argue that the court should not consider the revised closing disclosure because "neither the [document] nor its contents are alleged in the Complaint." ECF No. 23 at PageID # 223. The HomeStreet Defendants do not, however, contest the authenticity or relevance of the document itself. The

(*continued . . .*)

HomeStreet Bank informed Plaintiff that "the servicing of Plaintiff['s] Mortgage Note has been transferred to Defendant PennyMac Loan Services, LLC." ECF No. 1 at PageID # 7. Throughout these transactions, Plaintiff alleges that Defendants never provided him with required material disclosures, including notice of his right to rescind. *Id.* at PageID ## 10-11.

On March 22, 2021, Plaintiff filed a Complaint against the HomeStreet Defendants and PennyMac, seeking rescission of his loan under TILA § 1635(a), statutory damages under TILA § 1640(e), and statutory damages under RESPA § 2607. ECF No. 1. On April 14, 2021, the HomeStreet Defendants filed a Motion to Dismiss arguing that each of Plaintiff's claims are time-barred. ECF No. 13. On April 19, 2021, PennyMac also filed a Motion to Dismiss, likewise arguing, among other things, that Plaintiff's claims are time-barred. ECF No. 15. Plaintiff filed a Response to the HomeStreet Defendants' Motion on April 21, 2021, ECF No. 17, and a Response to PennyMac's Motion on May 17, 2021, ECF No. 21. Both the HomeStreet Defendants and PennyMac filed Replies on May 24, 2021, ECF Nos. 22 & 23. This matter is decided without a hearing pursuant to Local Rule 7.1(c).

---

court construes the revised closing disclosure as part of the refinanced mortgage transaction and thus takes judicial notice of this document along with the mortgage and mortgage note offered by Defendants. *See Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049, 1058 (C.D. Cal. 2008) (taking judicial notice of disclosure statements along with properly incorporated mortgage note where the authenticity and relevance of disclosure statements were not contested).

## III.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) dismissal is proper when there is either a "'lack of a cognizable legal theory or the absence of sufficient facts alleged.'"  *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss."  *Seven Arts Filmed Ent. Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint . . . a defendant can raise that defense in a motion to dismiss.") (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128-29 (9th Cir. 1999)).  And dismissal is proper "'only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'"  *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)).

In making such a determination, the court is not "required to accept as true allegations that contradict . . . matters properly subject to judicial notice." *Seven Arts Filmed Ent. Ltd.*, 733 F.3d at 1254 (internal quotation marks omitted); *see also Mimms v. Lewis*, 2016 WL 5329625, at *5 (C.D. Cal. May 3, 2016) ("A motion to dismiss based on the running of the statute of limitations is appropriate . . . only if the assertions of the complaint, read with the required liberality, and any properly judicially noticed documents, would not permit the plaintiff to prove that the limitations period was tolled.") (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993)).

Plaintiff is appearing pro se; consequently, the court liberally construes the Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977-78 (9th Cir. 2013).

///

///

///

# IV. **DISCUSSION**

## A. TILA Loan Rescission

Plaintiff first alleges that he is entitled to rescind his loan under TILA § 1635(a) because Defendants failed to make necessary disclosures related to the loan. ECF No. 1. In response, both the HomeStreet Defendants and PennyMac argue that this claim is time-barred by TILA § 1635(f). The court agrees: as pled, Plaintiff's claim is time-barred.[4]

Section 1635 of TILA requires creditors to disclose to home loan borrowers that the borrower has the right to rescind the loan within three business days after consummation of the transaction, as well as "terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412-13 (1998) (citing TILA §§ 1631, 1632, 1635, 1638). If the creditor makes all necessary disclosures, the borrower retains his right to rescind "until midnight of the third business day following the consummation of the transaction *or* the delivery of the information and rescission forms required under this section together with a statement

---

[4] Additionally, PennyMac argues that Plaintiff cannot state a TILA claim against it because PennyMac is not a "creditor" within the meaning of the statute. *See* ECF No. 15-1 at PageID ## 62-63. But because the court concludes that Plaintiff's TILA claims are time-barred, it does not reach this issue.

containing the material disclosures required under this subchapter, whichever is later." 15 U.S.C. § 1635(a) (emphasis added).

But, under § 1635(f), if the creditor fails to properly disclose any of this information, the borrower retains his right to rescind for "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." 15 U.S.C. § 1635(f); *see also Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 262 (2015); *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1099 (9th Cir. 2018). After three years, the right to rescind "'shall expire'" "even if [the creditor] *never* made the required disclosures." *Jesinoski*, 574 U.S. at 262 (quoting § 1635(f)). This time limit is absolute; the statute "permits no federal right to rescind . . . after the 3-year period of § 1635(f) has run." *Beach*, 523 U.S. at 419. Put differently, the three-year period is not subject to equitable tolling. The question before the court thus becomes whether the date upon which Plaintiff first exercised his right to rescind—March 22, 2018—falls within the applicable three-year period.[5]

---

[5] A borrower may timely exercise his right to rescind by providing written notice of his intent to seek rescission within the three-year period, even if he does not initiate a lawsuit until much later. *Jesinoski*, 574 U.S. at 262 ("[R]escission is effected when the borrower notifies the creditor of his intention to rescind. It follows that, so long as the borrower notifies within three years after the transaction is consummated, his rescission is timely. The statute does not also require him to sue within three years."). When a borrower provides timely notice of his intent to rescind, courts borrow state law statutes of limitations for analogous claims to determine if a subsequently filed lawsuit is timely. *See Hoang*, 910 F.3d at 1101 (finding that the plaintiff had timely exercised his right to rescind by notifying creditor within three years of consummation of
(*continued* . . . )

8

Because the property was not sold, the three-year period began to run when the transaction was consummated. 15 U.S.C. § 1635(f).[6] For the purposes of TILA, "consummation" is defined as "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 1026.2(a)(13). And state law determines when a borrower is "contractually obliged." *Grimes v. New Century Mortg. Corp.*, 340 F.3d 1007, 1009 (9th Cir. 2003) (citing 12 C.F.R. Pt. 226, Supp. 1 (Official Staff Interpretations), cmt. 2(a)(13)). Under Hawaii law, a borrower becomes contractually obligated when the loan was executed. *See Araki v. One West Bank FSB*, 2010 WL 5625969, at *4 (D. Haw. Sept. 8, 2010).

It is undisputed that Plaintiff and HomeStreet Bank executed the loan—at the latest—on March 2, 2018.[7] Thus, it appears that Plaintiff's right to

---

the transaction and applying Washington state's six-year statute of limitations governing general contract claims to determine if the plaintiff's subsequent lawsuit was timely).

Here, the Complaint contains no indication that Plaintiff notified Defendants of his intent to seek rescission prior to initiating this lawsuit on March 22, 2018. Thus, as pled, whether Plaintiff's claim is time-barred turns solely upon whether that date, March 22, 2018, falls within § 1635(f)'s three-year period for exercising the right to rescind.

[6] The time period may only begin to run from a different date if "(1) any agency empowered to enforce the provisions of this subchapter institutes a proceeding to enforce the provisions of this section within three years after the date of consummation of the transaction, (2) such agency finds a violation of this section, and (3) the obligor's right to rescind is based in whole or in part on any matter involved in such proceeding." 15 U.S.C. § 1635(f). Plaintiff has not alleged that any such agency had instigated enforcement proceedings against the Defendants that implicate his claim.

[7] The loan was initially signed on March 1, 2018, but the "date of closing" was updated to March 2, 2018 in the revised closing disclosure statement. ECF No 17-2 at PageID # 96. Further, the mortgage appears to have been notarized on March 2, 2018. ECF No. 15-3 at

(*continued . . .*)

9

rescind "expired" several weeks before he initiated this lawsuit on March 22, 2021. In his Reply, Plaintiff argues that the three-year period began to run on April 18, 2018—the date that HomeStreet Bank provided Plaintiff with a "revised Closing Disclosure."[8] *See* ECF No. 17 at PageID # 92. Plaintiff's argument is unavailing.

The plain language of the statute makes clear that the time period for a borrower to exercise his rescission right does not restart if a creditor provides disclosures after the loan has been executed. Section 1635(a) provides that, where proper disclosures have been made, the borrower's three-day period to rescind begins when the loan has been consummated *or* upon receipt of "material disclosures," "whichever is later." But § 1635(f) is more restrictive. It provides that "[a]n obligor's right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." The exclusion of any mention of material disclosures in § 1635(f), contrasted with their explicit role in initiating the three-day period in § 1635(a), evinces Congress' unambiguous intent that late disclosures should not restart the three-year rescission period under § 1635(f). *See Beach*, 523 U.S. at 418

---

PageID # 80. The court thus assumes, for the purpose of this Order, that the loan was executed (and the transaction was consummated) on March 2, 2018.

[8] Plaintiff also argues that Defendant PennyMac was obligated to provide Plaintiff with notice of his rescission rights when it became the loan servicer on May 3, 2019. ECF No. 21 at PageID # 114. But Plaintiff has provided no legal support for this argument, and nothing in the statute suggests that a loan servicer has such a duty. Plaintiff's argument fails.

("'[Where] Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.'" (quoting *Bates v. United States*, 522 U.S. 23, 29-30 (1997))); *cf. King v. State of Cal.*, 784 F.2d 910, 914 (9th Cir. 1986) (explaining that "Congress did not intend to prolong the [§ 1635(f)] limitations period under a 'continuing violation' theory" but instead "placed a three year absolute limit on rescission actions").

Further, § 1635(f)'s three-year right to rescind is only available if the creditor fails to timely make required disclosures, "even if [they] *never* make[] the required disclosures" at all. *Jesinoski*, 574 U.S. at 262 (emphasis in original). In other words, the three-year right to rescind is available to a borrower only if the creditor fails to make required disclosures when the transaction is consummated. *Cf. Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003) (holding, for the purpose of statutory damages under § 1640(e), that "[t]he failure to make the required disclosures occurred, if at all, at the time the loan documents were signed"). And because the violation occurs when the loan is consummated, it follows that the three-year period is unaffected by any subsequent disclosures made by the creditor.

In short, Plaintiff's three-year right to seek rescission expired three years after the consummation of the transaction on March 2, 2018. And because

11

Plaintiff first sought to exercise that right on March 22, 2021—just outside the three-year period—his claim is time-barred.

Plaintiff's TILA rescission claim is DISMISSED. This dismissal is with leave to amend—if Plaintiff believes that facts exist that show he notified Defendants in writing of his intent to seek rescission within the three-year period, he may file a Second Amended Complaint asserting such facts.

**B.     Statutory Damages**

Plaintiff also seeks statutory damages under both TILA and RESPA. But because both statutes impose a one-year statute of limitation on damages claims, Plaintiff's claims are time-barred.[9]

*1.     TILA*

TILA § 1640(a) authorizes statutory damages against "any creditor who fails to comply with any requirement imposed under this part, including any requirement under section 1635 of this title[.]" 15 U.S.C. § 1640(a). Here, Plaintiff alleges that he is entitled to statutory damages because Defendants failed to provide disclosures mandated by § 1635. ECF No. 1; *see also Koons Buick Pontiac GMC, Inc. v. Nigh*, 543 U.S. 50, 54 (2004) (explaining that § 1640(a)

---

[9] PennyMac additionally argues that Plaintiff has failed to state a cognizable claim against it under RESPA. ECF No. 15-1 at PageID # 64. But, again, because the court concludes that Plaintiff's claim is time-barred, it need not consider this argument at this time.

allows plaintiffs to recover statutory damages for violations of § 1635, among other provisions).

But § 1640(a)'s cause of action for statutory damages is subject to § 1640(e)'s one-year statute of limitations, which provides: "any action under this section may be brought in any United States district court, or in any other court of competent jurisdiction, within one year from the date of the occurrence of the violation." And the alleged violation—failure to make required disclosures—"occurred, if at all, at the time the loan documents were signed." *Meyer*, 342 F.3d at 902; *see also Cervantes*, 656 F.3d at 1045. Here, the loan documents were signed, at the latest, on March 2, 2018. *See* ECF No. 17-2 at PageID # 96. The one-year statute of limitations has long since run.

That said, the statute of limitations in § 1640(e) is subject to equitable tolling. *Cervantes*, 656 F.3d at 1045; *King*, 784 F.2d at 914-15. A limitations period may be equitably tolled "in situations where, despite all due diligence, the party invoking equitable tolling is unable to obtain vital information bearing on the existence of the claim." *Cervantes*, 656 F.3d at 1045 (citation omitted). But Plaintiff has made no allegations to suggest that equitable tolling is proper. Nor is it likely he would be able to. Once Plaintiff executed his loan documents, he was in possession of all the information necessary to discover the alleged disclosure violations and discrepancies. *See Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79

13

(9th Cir. 1996) (per curiam) (declining to equitably toll § 1640(e)'s statute of limitations where "nothing prevented [the mortgagor] from comparing the loan contract, [the lender's] initial disclosures, and TILA's statutory and regulatory requirements"); *Meyer*, 342 F.3d at 902-03 (rejecting argument for equitable tolling of a TILA claim because the plaintiff was in full possession of all loan documents and did not allege any actions that would have prevented discovery of the alleged TILA violations).

Plaintiff's TILA damages claim is DISMISSED as time-barred. This dismissal is with leave to amend—if Plaintiff believes that facts exist that support equitable tolling of the statute of limitations for his TILA damages claim, he may file a Second Amended Complaint asserting such facts.

### 2. *RESPA*

Plaintiff also alleges that Defendants violated RESPA, 12 U.S.C. § 2607, by failing to make necessary disclosures and by trading kickbacks in exchange for "referrals of mortgage loan business." ECF No. 1 at PageID ## 8-9. RESPA, similar to TILA, authorizes harmed parties to seek statutory damages against "[a]ny person or persons who violate the prohibitions or limitations of this section." 12 U.S.C. § 2607(d)(2). And, like TILA, RESPA imposes a one-year statute of limitations on such claims that typically begins to run when the loan documents are signed. *See* 12 U.S.C. § 2614 ("Any action pursuant to the

provisions of section 2605, 2607, or 2608 of this title may be brought . . . within . . . 1 year in the case of a violation of section 2607 or 2608 of this title from the date of the occurrence of the violation[.]"); *see Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010) ("[C]ourts have considered the 'occurrence of the violation' as the date the loan closed.") (collecting cases); *Lyman v. Loan Correspondents, Inc.*, 2009 WL 3757398, at *2 (C.D. Cal. Nov. 6, 2009) (concluding that a RESPA claim was time-barred because the plaintiffs "signed the loan documents on July 15, 2004, but did not commence this action until December 4, 2006"), *aff'd* 470 Fed. Appx. 688, 689 (9th Cir. 2012); *cf. Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1036 (9th Cir. 2014) (explaining that ordinarily the statute of limitations for RESPA statutory damages claims runs from the date on which the loan documents were signed but may be equitably tolled until the date on which the plaintiffs actually received their loan documents).

Equitable tolling applies to RESPA claims. *Merritt*, 759 F.3d at 1040 ("[A]lthough the limitations period in 12 U.S.C. § 2614 ordinarily runs from the date of the alleged RESPA violation, 'the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover' the violation.") (quoting *King*, 784 F.2d at 915). But, again, Plaintiff has made no argument that he lacked access

15

to the materials he needed to discover the violations such that equitable tolling is warranted in this case.

Plaintiff's RESPA damages claim is DISMISSED as time-barred. This dismissal is with leave to amend—if Plaintiff believes that facts exist that support equitable tolling of the statute of limitations for his RESPA damages claim, he may file a Second Amended Complaint asserting such facts.

## V. CONCLUSION

Each of Plaintiffs' claims are time-barred. Accordingly, the Motions to Dismiss, ECF Nos. 13 & 15, are GRANTED. Plaintiff's Complaint is DISMISSED with leave to amend.

As to the TILA rescission claim, Plaintiff is given leave to amend to show, if possible, that he provided notice to Defendants of his intent to seek rescission before his right to rescind expired (i.e., within three years from March 2, 2018). And as to the TILA and RESPA statutory damages claims, Plaintiff is given leave to amend to show, if possible, that equitable tolling is warranted. To be clear, Plaintiff may only make equitable tolling arguments with respect to the statutory damages claims, not the TILA rescission claim.

///

///

///

Any Second Amended Complaint shall be submitted no later than July 21, 2021. Failure to file a Second Amended Complaint by July 21, 2021 will result in automatic dismissal of this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, June 21, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Mathias v. HomeStreet Bank et al.*, Civ. No. 21-00154 JMS-RT, Order Granting Defendants' Motions to Dismiss, ECF Nos. 13 & 15.