IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILTON F. MATHIAS<br><br>    Plaintiff,<br><br> vs.<br><br>HOMESTREET BANK, INC., SEATTLE, WASHINGTON; HOMESTREET BANK, KAPOLEI BRANCH; FELICITY KUI MEYERS, LOAN OFFICER, HOMESTREET BANK, KAPOLEI BRANCH; AND PENNYMAC LOAN SERVICES, LLC,<br><br>    Defendants. | CIV. NO. 21-00154 JMS-RT<br><br>FINDINGS AND RECOMMENDATION TO DENY MOTION FOR DEFAULT [JUDGMENT] AGAINST DEFENDANT FELICITY KUI MEYER |

FINDINGS AND RECOMMENDATION TO DENY MOTION FOR DEFAULT [JUDGMENT] AGAINST DEFENDANT FELICITY KUI MEYER

  Before the Court is Plaintiff Milton F. Mathias' ("Plaintiff") Motion for Default [sic] against Defendant Felicity Kui Meyer ("Motion for Default Judgment" or "Motion"), filed on July 20, 2021. ECF No. 28. The Court finds the Motion for Default Judgment suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice for the United States District Court for the District of Hawaii.

Plaintiff is a pro se litigant and thus, this Court shall liberally construe the Motion. At the outset, it is important to note that the title of Plaintiff's Motion does not identify whether Plaintiff seeks an entry of default versus default judgment. However, the Motion states that "Plaintiff makes this Motion and hereby requests that this Court enter a Default Judgment on Sum Certain against Felicity Kui Meyer . . . " ECF No. 28 at PageID #: 248. Accordingly, this Court finds that Plaintiff is requesting default judgment against Felicity Kui Meyer ("Defendant Meyer").

After careful review of the Motion, records and files in this case, and applicable law, this Court finds that the Motion should be DENIED because:

1. Plaintiff's request is moot;
2. Plaintiff's request is premature; and
3. Plaintiff's Complaint was not properly served.

This Court thus RECOMMENDS to the district court that Plaintiff's Motion for Default Judgment be DENIED.

## BACKGROUND

This Court shall only include background relevant to the instant Motion. On March 22, 2021, Plaintiff filed a Verified Complaint ("Complaint") (ECF No. 1) seeking a rescission of his mortgage loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and statutory damages for alleged violations of TILA and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §

2601 et seq.  ECF No. 1.  Plaintiff named several defendants in his Complaint, including Defendant Felicity Kui Meyer ("Defendant Meyer").  On March 25, 2021, Plaintiff filed a proof of service indicating that Defendant Meyer was personally served.  ECF No. 10.  However, the proof of service indicates that Defendant Meyer was served at Freedom Mortgage, 1585 Kapiolani Boulevard, Suite 1120.  Id.  Under "additional information regarding attempted service" on the proof of service form, the server indicates: "OFFICE CLOSED, W/ DELIVERED PACKAGES FROM FED EX OUTSIDE OF DOOR.  SLID DOCUMENTS UNDER THE DOOR."  Id.

On April 14, 2021, Defendant Homestreet Bank ("Defendant Homestreet") filed a Motion to Dismiss Complaint Filed March 22, 2021 (ECF No. 13).  Defendant Homestreet claimed that the Complaint failed to state a claim upon which relief can be granted because Plaintiff's claims are time-barred.  Id.

On April 19, 2021, Defendant Pennymac Loan Services, LLC ("Defendant Pennymac") filed a FRCP Rule 12(b)(6) Motion to Dismiss the Complaint.  ECF No. 15.  Defendant Pennymac argued that it had no involvement in the origination of Plaintiff's mortgage loan and was not a creditor under TILA.  Defendant Pennymac also argued that Plaintiff's claims are time-barred under TILA and RESPA.

On June 21, 2021, the district court issued an Order Granting Defendants' Motions to Dismiss, ECF Nos. 13 & 15 ("Dismissal Order").  ECF No. 25.  The

district court dismissed Plaintiff's TILA rescission claim as untimely. Id. at PageID #: 241. Plaintiff was granted leave to amend "if Plaintiff believes that facts exists [to] show [that Plaintiff] notified Defendants in writing of his intent to seek rescission within the three-year period." Id. The district court found that Plaintiff's alleged statutory damages under TILA and RESPA were time-barred. Id. The district court dismissed Plaintiff's TILA and RESPA damages claims. Id. However, Plaintiff was granted leave to amend if Plaintiff was able to allege facts that support equitable tolling of the statute of limitations for his TILA and RESPA damages claim. Id. at PageID #: 243. The district court did not reach the issue of whether Plaintiff failed to state a claim against Defendant PennyMac due to Defendant Pennymac's lack of involvement in the origination of the loan or Defendant Pennymac'S argument that it is not a creditor under TILA, because the court found each of Plaintiff's claims is time-barred. Id. at PageID #: 241. Plaintiff was given a deadline of July 21, 2021 to file an amended complaint. Id. at PageID #: 246.

On July 20, 2021, Plaintiff filed a Motion for Default Judgment. ECF No. 28. The next day, on July 21, 2021, Plaintiff filed his First Amended Complaint. Plaintiff's First Amended Complaint names Defendant Meyer as a defendant. ECF No. 29 at PageID #: 266 & 268.

DISCUSSION

Plaintiff's Motion is based on the Complaint filed on March 22, 2021. ECF No. 1. Plaintiff mistakenly believes that the Dismissal Order "did NOT make any finding in favor of Defendant [Meyer]." ECF No. 28 at PageID #: 248-250 & 253 (emphasis in original). However, the Dismissal Order states that "[e]ach of Plaintiff's claims are time-barred" and dismissed Plaintiff's Complaint in its entirety. ECF No. 25 at PageID #: 245. This means that Plaintiff's claims, including those against Defendant Meyer were dismissed. Because the Dismissal Order dismissed Plaintiff's Complaint, there was no operative pleading when Plaintiff filed his Motion for Default Judgment and thus, the Motion is moot. Further, Plaintiff was granted leave to file an amended complaint, which Plaintiff did on July 21, 2021. When Plaintiff filed his First Amended Complaint and named Defendant Meyer as a party, the operative pleading became the First Amended Complaint. The First Amended Complaint has not been served on Defendant Meyer and thus, any argument regarding default based on the First Amended Complaint would fail.

Plaintiff's Motion for default judgment is premature. The entry of default and default judgment are governed by Fed. R. Civ. P. 55. A party seeking default judgment must complete a two-step process. A party seeking default judgment must (1) seek an entry of default, and (2) must file either a motion for default judgment with the Court or request that default judgment be entered by the clerk.

5

Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986).  Thus, default judgment cannot be entered unless Plaintiff has obtained an entry of default.  In this case, Plaintiff skipped over the first step by failing to obtain an entry of default before seeking default judgment against Defendant Meyer.  As such, Plaintiff's request is premature.  Plaintiff must first file a request for entry of default before the Court can consider the Motion for Default Judgment.

The Court notes that even if Plaintiff had properly sought an entry of default prior to the Dismissal Order, such request would necessarily fail because Plaintiff had not properly served Defendant Meyer with the original Complaint.  Sliding documents under the door or mailing documents to Defendant Meyer is insufficient to meet the personal service requirement of the summons and complaint under Rule 4 of the Federal Rules of Civil Procedure ("Fed. R. Civ. Pro").  Ordinarily, formal service of process of the summons and complaint is required only for the original complaint.  However, where, as here, Plaintiff failed to properly serve Defendant Meyer with the summons and original Complaint, and filed a First Amended Complaint before completing service of the original Complaint, Plaintiff must now formally serve the summons and First Amended Complaint in accordance with Fed. R. Civ. P. 4.

## CONCLUSION

This Court RECOMMENDS that Plaintiff's Motion for Default Judgement be DENIED because Plaintiff's original complaint was dismissed in the district

court's Dismissal Order, and the Motion is thus moot.  The operative complaint in this case is presently the First Amended Complaint.  This Motion should also be denied on the basis that Plaintiff failed to obtain an entry for default and thus, Plaintiff's request is premature.  Plaintiff also failed to properly serve Defendant Meyer as required by Fed. R. Civ. P. 4.  Accordingly, Plaintiff's Motion for Default Judgment should be DENIED.

    IT IS FOUND AND RECOMMENDED.

    DATED:  Honolulu, Hawaii, July 29, 2021.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00154 JMS-RT;  *Milton F. Mathia vs. Homestreet Bank, Inc., Seattle, Washington, et al.*;  Findings and Recommendation to Deny Motion for Default [Judgment] against Defendant Felicity Kui Meyer