IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MILTON F. MATHIAS,<br><br>                    Plaintiff,<br><br>    vs.<br><br>HOMESTREET BANK, INC. dba<br>HOMESTREET BANK, SEATTLE,<br>WASHINGTON; HOMESTREET<br>BANK, KAPOLEI BRANCH;<br>FELICITY KUI MEYERS, LOAN<br>OFFICER, HOMESTREET BANK,<br>KAPOLEI BRANCH; AND<br>PENNYMAC LOAN SERVICES, LLC,<br><br>                    Defendants. | CIV. NO. 21-00154 JMS-RT<br><br>ORDER GRANTING<br>DEFENDANTS' MOTIONS TO<br>DISMISS, ECF NOS. 30 & 33 |

## ORDER GRANTING DEFENDANTS' MOTIONS TO DISMISS, ECF NOS. 30 & 33

## I. INTRODUCTION

Before the court are two Motions to Dismiss, one filed by Defendant

PennyMac Loan Services, LLC ("PennyMac"), ECF No. 30, and another filed by

Defendants HomeStreet Bank, Inc., and its subsidiary, HomeStreet Bank of

Kapolei, Hawaii (collectively, "HomeStreet Bank"), ECF No. 33.  Those Motions

seek dismissal of the Amended Complaint, ECF No. 29, which pro se Plaintiff

Milton F. Mathias filed after the court dismissed his initial complaint with leave to

amend.  *See* ECF No. 25; *Mathias v. HomeStreet Bank, Inc.*, 2021 WL 2534557, at *1 (D. Haw. June 21, 2021).

Like the initial complaint, Plaintiff's Amended Complaint concerns a mortgage loan he entered into with HomeStreet Bank and that is currently being serviced by PennyMac.  The Amended Complaint seeks rescission of the mortgage loan pursuant to the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., and statutory damages for alleged violations of TILA and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.  ECF No. 29 at PageID ## 266, 271.  In addition to naming HomeStreet Bank and PennyMac as defendants (the "Moving Defendants"), Plaintiff names as an individual defendant Felicity Kui Meyer, an employee of HomeStreet Bank of Kapolei, *id.* at PageID # 268, but Defendant Meyer has yet to make an appearance in this case.

The Moving Defendants' Motions to Dismiss argue, among other things, that Plaintiff's claims are time-barred and equitable tolling is not warranted. The court agrees.  TILA imposes an absolute three-year time limit on borrowers' right to rescind, and Plaintiff's rescission claim falls outside that three-year window.  Further, both TILA and RESPA impose a one-year statute of limitations on claims for statutory damages.  Both of Plaintiff's statutory-damages claims fall outside the applicable limitations periods, and Plaintiff has not sufficiently pled— nor could he plead—facts to support equitable tolling of those limitations periods.

2

Accordingly, both Motions to Dismiss are GRANTED with prejudice. The Amended Complaint is DISMISSED with respect to HomeStreet Bank and PennyMac.

## II. BACKGROUND

Plaintiff filed his initial complaint on March 22, 2021. ECF No. 1. The court granted the Moving Defendants' motions to dismiss that complaint on the ground that Plaintiff's claims were time-barred, but the court granted Plaintiff leave to amend to the extent he could allege facts demonstrating that his claims were not time-barred. *Mathias*, 2021 WL 2534557, at *1, *6. More specifically, Plaintiff could amend his TILA rescission claim to show, if possible, that he "provided notice to Defendants of his intent to seek rescission before his right to rescind expired." *Id.* at *6. Plaintiff could amend his TILA and RESPA statutory-damages claims to show, if possible, "that equitable tolling is warranted." *Id.*

Plaintiff filed his Amended Complaint on July 21, 2021, alleging the same causes of actions and the same set of facts as in his initial complaint, except for additional facts concerning his neurological condition and its relevance to equitable tolling. *See* ECF No. 29 at PageID ## 273–74. Plaintiff argues that those additional facts, when read in conjunction with the remainder of his factual allegations, demonstrate the existence of an "extraordinary circumstance" sufficient to justify equitable tolling. *See* ECF No. 38 at PageID ## 361–67.

3

The remaining factual allegations are unchanged from Plaintiff's initial complaint:  In 2009, Plaintiff took out a $276,250.00 mortgage with HomeStreet Kapolei to purchase a Hawaiian Homesteads Home Lot.  ECF No. 29 at PageID # 269.  In November 2017, Plaintiff met with Defendant Meyer at HomeStreet Bank of Kapolei, intending to pay off the remaining $229,481.00 due on his mortgage and to "purchase [the property] permanently."  *Id.*  Meyer convinced Plaintiff to refinance his loan rather than proceed with his plan.  *Id.* at PageID ## 270–71.

Plaintiff signed a 30-year mortgage and note for $361,857.00 with HomeStreet Bank in March 2018.  *See* ECF Nos. 30-3; 13-3.[1]  Although the loan was initially signed on March 1, 2018, the "date of closing" for that loan was later updated to March 2, 2018, *see* ECF No. 17-2 at PageID # 96, the date on which the mortgage was notarized, *see* ECF No. 30-3 at PageID # 305.  On May 3, 2019, HomeStreet Bank informed Plaintiff that "the servicing of Plaintiff['s] Mortgage Note has been transferred to Defendant PennyMac Loan Services, LLC."  ECF No. 29 at PageID # 271.

---

[1] Consistent with its prior order, *see Mathias*, 2021 WL 2534557, at *1 n.2, the court takes judicial notice of the mortgage and mortgage note.  The court also concludes that Plaintiff and Defendant HomeStreet Bank executed the note, at the latest, on March 2, 2018.  *See id.* at *4 n.7.

4

Plaintiff alleges that Defendants violated TILA[2] and RESPA[3] through those transactions, by failing to provide him with the required material disclosures, including notice of his right to rescind.  ECF No. 29 at PageID ## 270–71. Plaintiff further alleges that the Defendants "entered into co-marketing agreements using online platforms and desk rental agreements," and transacted payments for "referrals of mortgage loan business, in violation of [RESPA]."[4]  ECF No. 29 at PageID ## 272–73.

As for remedies, Plaintiff seeks rescission of his loan under TILA, 15 U.S.C. § 1635(f);[5] statutory damages under TILA, *id.* §§ 1635(g) and 1640; and

---

[2] As the court previously explained, Plaintiff's allegations implicate TILA, 15 U.S.C. § 1635(a), which requires "creditors to disclose to home loan borrowers that the borrower has the right to rescind the loan within three business days after consummation of the transaction, as well as 'terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights.'"  *Mathias*, 2021 WL 2534557, at *3 (quoting *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412–13 (1998)).

[3] Plaintiff's allegations implicate RESPA, 12 U.S.C. § 2607(c), which requires disclosure of certain "payments pursuant to cooperative brokerage and referral arrangements or agreements between real estate agents and brokers."

[4] Those allegations concern RESPA, 12 U.S.C. § 2607(a), which prohibits kickbacks for certain "referrals of mortgage loan business."

[5] Defendant PennyMac asserts that Plaintiff's Amended Complaint "eliminat[es] his previous claims under TILA."  ECF No. 30-1 at PageID # 285.  The court disagrees.  In his Amended Complaint, Plaintiff alleges that he was not informed of his "right to rescission of his refinanced mortgage note, in violation of 15 U.S.C. § 1635 the Truth In Lending Act."  ECF No. 29 at PageID # 271.  To the extent PennyMac is asserting that Plaintiff no longer requests rescission as a remedy, the court also disagrees because the Amended Complaint asks this court to "[d]eclare the security interest in Plaintiff's home void," "[r]escind the transfer of the servicing of Plaintiff's Mortgage Note," and "terminate any security interest in Plaintiff's property created under the transaction."  *Id.* at PageID ## 274–75.

statutory damages under RESPA, 12 U.S.C. § 2607(d).  *See* ECF No. 29 at PageID ## 274–75.  On July 28, 2021, PennyMac filed a Motion to Dismiss arguing, among other things, that Plaintiff's claims are barred by the statutes of limitations and are not subject to equitable tolling.  ECF Nos. 30, 30-1.  On August 8, 2021, HomeStreet Bank also filed a Motion to Dismiss, likewise arguing, among other things, that Plaintiff's claims are barred by the statutes of limitations and are not subject to equitable tolling.  ECF No. 33, 33-1.  Plaintiff filed Responses to the Moving Defendants' Motions on August 30, 2021.  ECF Nos. 37, 38.  PennyMac filed a Reply on September 3, 2021, ECF No. 41, and HomeStreet Bank filed a Reply on September 7, 2021, ECF No. 43.  Defendant Meyer has yet to make an appearance.  This matter is decided without a hearing pursuant to Local Rule 7.1(c).

### III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss for "failure to state a claim upon which relief can be granted."  A Rule 12(b)(6) dismissal is proper when there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged."  *UMG Recordings, Inc. v. Shelter Capital Partners, LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988)).

"A statute-of-limitations defense, if 'apparent from the face of the complaint,' may properly be raised in a motion to dismiss." *Seven Arts Filmed Ent. Ltd. v. Content Media Corp.*, 733 F.3d 1251, 1254 (9th Cir. 2013) (quoting *Conerly v. Westinghouse Elec. Corp.*, 623 F.2d 117, 119 (9th Cir. 1980)); *see also Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) ("When an affirmative defense is obvious on the face of a complaint . . . a defendant can raise that defense in a motion to dismiss.") (citing *Cedars-Sinai Med. Ctr. v. Shalala*, 177 F.3d 1126, 1128–29 (9th Cir. 1999)). A court should dismiss a claim on limitations grounds "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1045 (9th Cir. 2011) (quoting *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)). As a general matter, equitable tolling is applied "sparingly" in "extreme cases." *Scholar v. Pac. Bell*, 963 F.2d 264, 267 (9th Cir. 1992).

When determining whether a claim is time-barred, the court is not "required to accept as true allegations that contradict . . . matters properly subject to judicial notice." *Seven Arts Filmed Ent. Ltd.*, 733 F.3d at 1254 (internal quotation marks omitted); *see also Mimms v. Lewis*, 2016 WL 5329625, at *5 (C.D. Cal. May 3, 2016) ("A motion to dismiss based on the running of the statute of limitations is appropriate . . . only if the assertions of the complaint, read with

7

the required liberality, and any properly judicially noticed documents, would not permit the plaintiff to prove that the limitations period was tolled." (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1275 (9th Cir. 1993))).

Plaintiff is appearing pro se; consequently, the court liberally construes the Amended Complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). The court also recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Crowley v. Bannister*, 734 F.3d 967, 977–78 (9th Cir. 2013). Put differently, the court can deny leave to amend if amendment would be "futile." *McQuillion v. Schwarzenegger*, 369 F.3d 1091, 1099 (9th Cir. 2004).

## IV. **DISCUSSION**

The court first addresses Plaintiff's TILA rescission claim and holds that claim barred by the applicable statute of limitations. Second, the court addresses Plaintiff's TILA and RESPA statutory-damages claims; those claims are also time-barred, and Plaintiff has not pled facts sufficient to support equitable tolling of the statutes of limitations governing those claims. Finally, the court finds that leave to amend would be futile because the exhibits attached to Plaintiff's

Responses reveal that his alleged mental impairment did not cover the entire period that must be tolled.

## A.    TILA Loan Rescission

In its prior order, the court held that Plaintiff's TILA rescission claim was untimely under 15 U.S.C. § 1635. *See Mathias*, 2021 WL 2534557, at *3–5. Subsection (f) of that statute specifies that when a creditor fails disclose the information required by subsection (a), the borrower must assert his right to rescind within "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first." *See Jesinoski v. Countrywide Home Loans, Inc.*, 574 U.S. 259, 262 (2015); *Hoang v. Bank of Am., N.A.*, 910 F.3d 1096, 1099 (9th Cir. 2018). That limitations period is absolute— the statute "permits no federal right to rescind . . . after the 3-year period of § 1635(f) has run." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 419 (1998). In other words, the three-year period is not subject to equitable tolling.

A borrower may assert his right to rescind by providing written notice of his intent to seek rescission within the three-year period, even if he does not initiate a lawsuit until much later. *Jesinoski*, 574 U.S. at 262. Alternatively, the filing of a lawsuit can constitute notice of intent to rescind. *See Enriquez v. Countrywide Home Loans, FSB*, 2012 WL 1066823, at *5 (D. Haw. Mar. 28,

2012) (holding that a complaint can serve as a consumer's notice of rescission under TILA).

TILA's limitations period begins to run on the "consummation" date, which is "the time that a consumer becomes contractually obligated on a credit transaction." 12 C.F.R. § 1026.2(a)(13). State law determines when a borrower is "contractually obliged." *Grimes v. New Century Mortg. Corp.*, 340 F.3d 1007, 1009 (9th Cir. 2003) (citing 12 C.F.R. Pt. 226, Supp. 1 (Official Staff Interpretations), cmt. 2(a)(13)). Under Hawaii law, a borrower becomes contractually obligated when the loan is executed. *See Araki v. One West Bank FSB*, 2010 WL 5625969, at *4 (D. Haw. Sept. 8, 2010).

The consummation date in this case is, at the latest, March 2, 2018, meaning that Plaintiff had three years from that date to assert his right to rescind. *See Mathias*, 2021 WL 2534557, at *4 n.7. The date of Plaintiff's Amended Complaint, March 22, 2021, falls outside that three-year period, making his TILA rescission claim in the Amended Complaint an untimely notice of his right to rescind.

Plaintiff's rescission claim in his initial complaint was similarly defective, and the court gave Plaintiff leave to amend to show, if possible, that he "provided notice to Defendants of his intent to seek rescission before his right to rescind expired." *Mathias*, 2021 WL 2534557, at *6. But Plaintiff has failed to do

so—the Amended Complaint includes no allegation that he gave notice of his right to rescind before the limitations period expired on March 2, 2021.  *See* ECF No. 29.

Accordingly, Plaintiff's TILA rescission claim is time-barred and is therefore DISMISSED with respect to HomeStreet Bank and PennyMac.  This dismissal is without leave to amend.

## B.     Statutory Damages under TILA and RESPA

### 1.     *Claims for Damages*

Plaintiff also seeks statutory damages under both TILA and RESPA. TILA imposes a one-year limit on damages claims that runs from the "occurrence of the violation."  15 U.S.C. § 1640(e).  In this case, the alleged TILA disclosure violation occurred, if at all, on March 2, 2018, when the loan documents were signed.  *See Mathias*, 2021 WL 2534557, at *5 (citing *Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir. 2003), and *Cervantes*, 656 F.3d at 1045).  Thus, absent tolling,[6] Plaintiff's TILA damages claim is time-barred.

RESPA also imposes a one-year limit on damages claims.  12 U.S.C. § 2614.  That limitations period runs from "the date of the occurrence of the violation."  *Id.*  For a disclosure violation, the relevant date is the date of loan

---

[6] Unlike the limitations period for a TILA rescission claim, the limitations period for a TILA damages claim is subject to equitable tolling.  *Mathias*, 2021 WL 2534557, at *5 (citing *Cervantes*, 656 F.3d at 1045, and *King v. State of Cal.*, 784 F.2d 910, 914–15 (9th Cir. 1986)).

closing.  *See Clemmons v. Mortg. Elec. Registration Sys., Inc.*, 2014 WL 12013437, at *4 (10th Cir. Nov. 12, 2014) (noting that "[c]ourts generally interpret [occurrence of the violation] to mean the date of the relevant closing," and applying that rule to the appellants' RESPA disclosure claim) (citing *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 358–60 (5th Cir. 2003)).  Likewise, for a kickback violation, most courts have interpreted the "occurrence of the violation" to be the date of loan closing.  *See, e.g., Blake v. JP Morgan Chase Bank NA*, 927 F.3d 701, 707 (3d Cir. 2019) ("The one-year [RESPA] limitations period runs separately from the giving or taking of each discrete kickback, whether paid at closing or later."); *Snow v. First Am. Title Ins. Co.*, 332 F.3d 356, 361 (5th Cir. 2003) (same); *Jensen v. Quality Loan Serv. Corp.*, 702 F. Supp. 2d 1183, 1195 (E.D. Cal. 2010) ("[C]ourts have considered the 'occurrence of the violation' [of RESPA's kickback provision] as the date the loan closed.") (collecting cases).[7]  In this case, the alleged RESPA violations occurred, if at all, on March 2, 2018, when

---

[7] Although the limitations period for RESPA claims ordinarily runs from the date of the alleged violation, the start of that period may be delayed until the borrower comes into possession of the pertinent loan documents.  *Merritt v. Countrywide Fin. Corp.*, 759 F.3d 1023, 1040 (9th Cir. 2014).  But Plaintiff has not alleged that the RESPA limitations period in this case should be tolled due to a delay in his receipt of loan documents.

the loan documents were signed.  *See Mathias*, 2021 WL 2534557, at *6.  Thus,

absent tolling,[8] Plaintiff's RESPA claims are also time-barred.

### 2.   *Equitable Tolling*

Plaintiff's TILA and RESPA claims in his initial complaint were

similarly defective, and the court gave Plaintiff leave to amend to show, if

possible, that equitable tolling is warranted.  *Id.*  Plaintiff's Amended Complaint

alleges the following facts in support of equitable tolling:

> 33.  Plaintiff has a severe neurological condition that
> affects his memory and ability to focus on tasks and
> conducting his daily activities.  Nevertheless, Plaintiff
> has exercised has diligently [sic] pursued these claims
> against the Defendants.
>
> 34.  Plaintiff due diligence in pursuing these claims
> involved first learning to understand how Plaintiff got
> stuck with a new Mortgage bill, when Plaintiff had the
> money to cash out and pay off my original Mortgage
> Note.  It was not until Plaintiff's son, Solomon Mathias,
> in the beginning of March 2021, asked me about the
> money Plaintiff is supposed to have from the "cash out
> home improvement" refinanced loan that Defendant
> Meyer applied for on the Freddie Mac Form 65, that
> Plaintiff realized that Defendant Meyer had falsified the
> information she provided on the Freddie Mac form.
>
> 35.  Plaintiff did NOT receive any funds from the "Cash
> Out Home Improvement", so Plaintiff sought help to
> litigate his claims before this Court.  Unfortunately,

---

[8] The RESPA limitations period is also subject to equitable tolling.  *Mathias*, 2021 WL 2534557, at *6 (citing *Merritt*, 759 F.3d at 1040).

> Plaintiff was unsuccessful in acquiring the high cost of
> hiring a Lawyer to pursue this action.
>
> 36.  Plaintiff was introduced to a paralegal known in the
> native Hawaiian community as De MONT R. D. Conner,
> who only works for Pro Se Litigants.  Plaintiff then
> acquired the services of Mr. Conner for the sole purpose
> of having Mr. Conner write Plaintiff's pleadings and to
> provide process services.
>
> 37.  Based upon my severe neurological condition, it has
> taken me a long time to grasp and comprehend the
> complex wording and issues presented in the extensive
> documentation I have regarding my Mortgage.

ECF No. 29 at PageID ## 273–74.  In short, Plaintiff argues that he has a mental

impairment that warrants equitable tolling.

In response, PennyMac argues that the Amended Complaint lacks

allegations concerning the "standard that appears to have been adopted in the Ninth

Circuit" in mortgage cases:  whether there were "undisclosed credit terms or

fraudulent concealment on the part of the loan originator that prevented him from

discovering his claims."  ECF No. 30-1 at PageID # 290 (citing *Meyer*, 342 F.3d at

902, and *Cortez v. New Century Mortg. Corp.*, 2012 WL 368647, *4 (N.D. Cal.

Feb. 3, 2012)).  Along the same line, PennyMac argues that Plaintiff's reliance on

mental impairment deviates from the court's order granting leave to amend, which

PennyMac views as setting forth a standard for equitable tolling that does not

embrace mental impairment.  *See* ECF No. 41 at PageID ## 454–55 ("The Court

further indicated that equitable tolling may be warranted in this case if Plaintiff

were to argue that he lacked access to the materials he needed to discover the violations.").

Those arguments are misplaced. The court's prior order did not define a standard for equitable tolling that excludes mental impairment. Instead, the court gave Plaintiff leave to amend, more generally, to "show, if possible, that equitable tolling is warranted." *Mathias*, 2021 WL 2534557, at \*6. When the court alluded to a borrower "lack[ing] access to the materials he needed to discover the violations," the court was merely describing an example set of circumstances in which equitable tolling might apply—the court was not confining equitable tolling to only that set of circumstances.

So, too, was the Ninth Circuit in *Meyer*, when it observed that the plaintiffs had "produced no evidence of undisclosed credit terms, or of fraudulent concealment or other action on the part of [defendant] that prevented the [plaintiffs] from discovering their claim," 342 F.3d at 902. The Ninth Circuit made that observation after concluding that TILA's limitations period had expired, and for the purpose of demonstrating there was no evidence in the record supporting tolling of the limitations period. *See id.* But the Ninth Circuit was not

setting out an exclusive set of circumstances in which equitable tolling can apply, contrary to PennyMac's suggestion.[9]

The standard for equitable tolling is broader than PennyMac suggests: "[A] court usually may pause the running of a limitations statute in private litigation when a party 'has pursued his rights diligently but some extraordinary circumstance' prevents him from meeting a deadline." *United States v. Wong*, 575 U.S. 402, 407–08 (2015) (quoting *Lozano v. Montoya Alvarez*, 572 U.S. 1, 10 (2014)); *see also Seattle Audubon Soc. v. Robertson*, 931 F.2d 590, 595 (9th Cir. 1991) ("Federal courts have applied the doctrine of equitable tolling in two generally distinct kinds of situations.  In the first, the plaintiffs were prevented from asserting their claims by some kind of wrongful conduct on the part of the defendant.  In the second, extraordinary circumstances beyond plaintiffs' control made it impossible to file the claims on time."), *rev. on other grounds*, 503 U.S. 429 (1992).

Moreover, there are decisions from both the Supreme Court and the Ninth Circuit endorsing mental impairment as a circumstance that may support equitable tolling.  *See, e.g.*, *United States v. Brockamp*, 519 U.S. 347, 348 (1997)

---

[9] PennyMac also relies on *Cortez*, 2012 WL 368647, *4, for the proposition that mental impairment cannot give rise to equitable tolling.  That reliance is also misplaced because the *Cortez* plaintiff did not raise—and thus the court did not consider—mental impairment as a ground for equitable tolling.  *See id.* at *4–5.

("[A] mental disability . . . , we assume, would permit a court to toll the statutory limitations period . . . ."); *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011); *Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th Cir. 1999) ("[Plaintiff's] mental incapacity—and the effect it had upon her relationship with her lawyer—is an 'extraordinary circumstance' beyond her control.").

While it is clear that mental impairment can be an "extraordinary circumstance" that warrants equitable tolling, it is not so clear what the standard is for determining whether a particular plaintiff's mental impairment is severe enough to warrant tolling.  HomeStreet Bank asserts that "[t]he mental disability must be 'so severe that the plaintiff was unable to engage in rational thought and deliberate decision-making sufficient to pursue her claim alone or through counsel' as shown by a 'particularized description of how [the plaintiff's] condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights.'"  ECF No. 33-1 at PageID # 332 (quoting *Massey-Nino v. Donovan*, 2014 WL 3964951, at *2 (D. Or. Aug. 10, 2014)).  HomeStreet Bank views the Ninth Circuit's decision in *Stoll*, 165 F.3d 1238, as embodying that standard:  The plaintiff in *Stoll* was entitled to equitable tolling because she was "severely impaired and unable to function in many respects.  She has attempted suicide numerous times—and may do so again.  She is unable to read, open mail or

17

function in society."  ECF No. 33-1 at PageID # 332 (quoting *Stoll*, 165 F.3d at 1242).

In response, Plaintiff cites *Bills v. Clark*, 628 F.3d 1092 (9th Cir. 2010), which defines a "two-part test" to determine "eligibility for equitable tolling due to mental impairment":

> (1) *First*, a [habeas corpus] petitioner must . . . demonstrat[e] the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental state rendered him unable personally to prepare a habeas petition and effectuate its filing.
>
> (2) *Second*, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance.

*Id.* at 1099–1100.  Plaintiff asserts that the *Bills* test is "not only binding upon this Court, but sets forth the manner in which this Court must deal specifically with the handling of this issue of mental impairment in relation to equitable tolling."  ECF No. 38 at PageID ## 359–60.

The parties tilt at windmills.  The Ninth Circuit has explained that the two lines of cases—the habeas line headed by *Bills*, and the non-habeas line anchored by *Stoll*—effectively recite the same standard.  *See Milam v. Harrington*, 953 F.3d 1128, 1133 (9th Cir. 2020) ("*Bills* is consistent with our treatment of

equitable tolling in other contexts.  *See Stoll v. Runyon*, 165 F.3d 1238, 1242 (9th

Cir. 1999).”); *see also Johnson*, 653 F.3d at 1010 (reciting the *Bills* test, and also

citing to *Stoll*, when rejecting equitable tolling of the statute of limitations

governing appellant’s Title VII retaliation claim).  The Ninth Circuit has also

stated that “[e]quitable tolling for a mental impairment does not require a literal

impossibility, but instead only a showing that the mental impairment was a but-for

cause of any delay” in asserting a claim.  *Milam*, 953 F.3d at 1132 (internal

quotation marks omitted).

And applying this law, the court agrees with the Moving Defendants

that the allegations in the Amended Complaint, liberally construed and accepted as

true,[10] lack facts sufficient to demonstrate that Plaintiff’s impairment was a but-for

cause of the belated assertion of his claims.[11]  Plaintiff’s allegations do not provide

sufficient detail as to the severity of his mental impairment with respect to his

ability to assert his legal rights.  Instead, Plaintiff alleges in a conclusory manner

that he “has a severe neurological condition,” and that his condition “affects his

---

[10] For purposes of this Order, the court takes all facts alleged in the Amended Complaint as true and construes them in the light most favorable to Plaintiff.  *See Does v. Wasden*, 982 F.3d 784, 790 (9th Cir. 2020).

[11] PennyMac also argues that Plaintiff’s allegations fail to establish a plausible RESPA claim.  *See* ECF No. 30-1 at PageID ## 291–92.  HomeStreet Bank makes similar arguments.  *See* ECF No. 33-1 at PageID ## 334–39.  Because the court concludes that Plaintiff’s TILA and RESPA claims are time-barred, it does not reach those arguments.

memory and ability to focus on tasks and conducting his daily activities." ECF No. 29 at PageID # 273. Plaintiff does not, however, specify the *degree* to which his condition "affect[ed]" his daily activities during the relevant period and, more importantly, his ability to file suit or seek legal counsel. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) ("[Appellant's] conclusory and vague claim, without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling."); *Ticer v. Young*, 2018 WL 2088393, at *9 (N.D. Cal. May 4, 2018) ("While Plaintiff's disability and distress prevented him from no longer being able to attend school, Plaintiff does not assert that these symptoms resulted in him being 'completely psychiatrically disabled during the relevant limitation period,' as was the case in *Stoll*. 165 F.3d at 1242.").

Plaintiff further alleges that it took him "a long time to grasp and comprehend the complex wording and issues presented in the [mortgage loan documents]" due to his mental impairment. ECF No. 29 at PageID # 274. But that allegation—specifically, that Plaintiff's impairment made it more difficult for him to understand his rights—is also insufficient. *See Alva v. Busby*, 588 F. App'x 621, 622 (9th Cir. 2014) ("Alva submitted a declaration stating his petition was delayed because he suffered from distress and hypoglycemia which caused confusion and difficulty thinking. . . . Alva does not meet the *Bills* standard because he only

20

claims his confusion made it difficult for him to find assistance from another inmate with filing the petition[;] he does not claim that he did not understand the need to file timely, or that his mental condition made it impossible for him to prepare the petition personally."); *see also Poolis v. Countrywide, N.A.*, 2010 WL 3853046, at *3 (E.D. Cal. Sept. 30, 2010) (holding that "lack of mortgage expertise and lack of English language skills" were insufficient grounds for equitable tolling).

There is also a substantial question as to *when* Plaintiff was mentally impaired. Plaintiff's allegations do not specify the date on which his mental impairment began, but instead merely assert that he "has" a severe neurological condition. ECF No. 29 at PageID # 273. Because RESPA and TILA set forth limitations periods of only one year, and because the gap between the loan-closing date and the date of the Complaint is more than three years, there is distinct possibility that Plaintiff's impairment did not span the entire two-year period that must be tolled, e.g., the impairment arose during the three-year gap but after the one-year limitations periods had already expired.[12]

---

[12] *See Singer by Singer v. Paul Revere Life Ins. Co.*, 2015 WL 13357516, at *6 (C.D. Cal. Nov. 18, 2015) (rejecting equitable tolling, and dismissing claims as time-barred, when physician's declaration covered only the period leading up to "the crucial date for determining whether the statute of limitations on the claim" could be tolled, but was "silent" as to plaintiff's mental capacity thereafter).

In sum, the lack of specificity concerning the effects of Plaintiff's impairment, and the timing of that impairment, prevent Plaintiff's allegations from satisfying the first prong of the *Bills* test: that Plaintiff demonstrate he "was unable rationally or factually to personally understand the need to timely file," or was "unable personally to prepare a [complaint] and effectuate its filing," 628 F.3d at 1099–1100. Plaintiff's conclusory allegations are similarly deficient with respect to whether his condition rendered him "unable to engage in rational thought and deliberate decision making sufficient to pursue [his] claim alone or through counsel," *Massey-Nino*, 2014 WL 3964951, at *2. *See also Radovich v. Placer Cnty. Sheriff's Off.*, 2019 WL 3425998, at *3 (E.D. Cal. July 30, 2019) ("Plaintiff's allegation that the 'effects of sexual and disability/perceived disability harassment made it impossible for [her] to file a claim within the statutory period,' . . . is made without any factual support or enhancement. As such, it is a conclusory restatement of the elements of equitable tolling, and not a plausible allegation that could support the denial of defendant's Motion to Dismiss." (alteration in original)).[13] Because plaintiff's allegations lack facts sufficient to support

---

[13] Plaintiff also argues that the court should grant equitable tolling because Plaintiff is being subjected to "manifest injustice" and because Defendants should not be permitted to get away with their "gamesmanship." *See, e.g.*, ECF No. 38 at PageID ## 366–73. Plaintiff incorporates into those terms Defendants' "misrepresenting" to him that the mortgage was a "cash out" mortgage, and also Defendants' "presenting the Mortgage Documentation in a way as to not raise any 'red flags.'" *See id.* The court rejects Plaintiff's request, and agrees with Defendants' position, *see, e.g.*, ECF No. 43 at PageID ## 473–75, that Plaintiff conflates the

(*continued . . .* )

22

equitable tolling, his Amended Complaint fails to state claims upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).

### 3.    *Leave to Amend Is Futile*

The court also determines that granting Plaintiff an additional opportunity to amend his Complaint would be futile.  In his Responses to the Motions to Dismiss, Plaintiff attaches and relies on certain medical records.  And although the court did not consider the factual matter in those records when ruling on the Moving Defendants' Motions to Dismiss, those records do show that Plaintiff's mental impairment did not span the entire period that needs to be tolled. One of Plaintiff's medical records, dated March 12, 2020, show that Plaintiff was diagnosed with memory issues.  ECF No. 38 at PageID # 363 (citing ECF No. 38-3 at PageID # 393).  As part of that diagnosis, the physician describes the memory issues as having been caused by an event that occurred in November 2019.  *Id.* (citing ECF No. 38-3 at PageID # 398).  The medical notes also summarize statements from a third party that confirm the memory issues began after the November 2019 event.  *See* ECF No. 38-3 at PageID # 398.

---

doctrine of equitable tolling with the merits of his clams.  *See Garczynski v. Countrywide Home Loans, Inc.*, 656 F. Supp. 2d 505, 516 (E.D. Pa. 2009) ("For a RESPA claim to warrant equitable tolling, mere silence or nondisclosure is not enough to trigger estoppel; the adversary must commit some affirmative independent act of concealment upon which the plaintiffs justifiably rely in order to toll the statute.").

Thus, according to Plaintiff's own argument (and the evidence he points to), Plaintiff's impairment began in November 2019, seven months after the limitations periods had run on his TILA and RESPA claims. For that reason, any future amendment would be futile, and the court will not grant Plaintiff leave to amend once again. Plaintiff's TILA and RESPA damages claim are time-barred and are therefore DISMISSED with respect to HomeStreet Bank and PennyMac. This dismissal is without leave to amend.

## V. <u>CONCLUSION AND DIRECTIVE</u>

Each of Plaintiffs' claims are time-barred. Accordingly, the Motions to Dismiss, ECF Nos. 30 & 33, are GRANTED. Plaintiff's Amended Complaint is DISMISSED with respect to HomeStreet Bank and PennyMac. That dismissal is without leave to amend.

Because Defendant Meyer has not made an appearance in this case, the court declines to dismiss the Amended Complaint with respect her. *See Caniadido v. Countrywide Bank, FSB*, 2011 WL 2470640, at *7 (D. Haw. June 20, 2011). Upon careful review, however, it seems very unlikely that Plaintiff, having failed to establish equitable tolling of the pertinent limitations periods with respect to HomeStreet Bank and PennyMac, could establish equitable tolling with respect to his claims against Defendant Meyers.

24

The court thus directs Plaintiff to file a letter of no more than one page, by October 20, 2021, indicating whether he will continue to pursue claims against Defendant Meyers.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 29, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Mathias v. HomeStreet Bank, et al.*, Civ. No. 21-00154 JMS-RT, Order Granting Defendants' Motions to Dismiss, ECF Nos. 30 & 33